IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-749-BO

| | |
|---|---|
| DANA H. LILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 23, 26]. A hearing on this matter was held in Elizabeth City, North Carolina on November 13, 2014 at 11:00 a.m. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income on May 18, 2010, alleging disability beginning May 9, 2010 [Tr. 48, 171]. His date last insured was December 31, 2014. [Tr. 13]. These applications were denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a hearing and rendered an unfavorable decision on June 11, 2012. The Appeals Council denied Mr. Liles's request for review, rendering the ALJ's decision the final decision of the Commissioner. Mr. Liles now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there

is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity during the period from his alleged onset date to the date last insured. [Tr. 13]. Mr. Liles's coronary artery disease with history of myocardial infarction with implanted defibrillator, hypertension, and history of gastroesophageal reflux disease qualified as a severe impairment at step two but was not found to meet or equal a Listing at step three. [Tr. 13]. The ALJ concluded that plaintiff had the residual functional capacity ("RFC") to perform the full range of light work. [Tr. 14]. The ALJ then found at step four that

Mr. Liles could do his past relevant work as a telecommunicator, and therefore determined that plaintiff was not disabled as of the date of the opinion. [Tr. 18].

Plaintiff alleges that the ALJ improperly evaluated the medical evidence in violation of 20 C.F.R. § 404.1527. When "[a] treating physician's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted." SSR 96-2p; *see also Stephens v. Astrue*, 533 F. Supp. 2d 598, 600 (E.D.N.C. 2008) (citing 20 C.F.R. § 404.1527(d); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)). The ALJ found that plaintiff's treating physician, Dr. Liao, made inconsistent statements and that his treatment notes "were not reflective of disability." [Tr. 17].

In support of his conclusion that Dr. Liao made inconsistent statements, the ALJ determined that Dr. Liao found plaintiff did not qualify for disability in January 2011 but did qualify in 2012. [Tr. 16-17]. A review of the record demonstrates that this conclusion is inaccurate. In January of 2011, Dr. Liao said that he "was not sure that [plaintiff] is going to be able to qualify for disability but he does not have the stamina I think to resume his previous employment." [Tr. 441]. In February 2012, after a year of consultations with Mr. Liles, Dr. Liao rendered his opinion that Mr. Liles was unable to sustain full-time work due to depressed cardiac function which resulted in decreased stamina and dyspnea. [Tr. 500, 503, 517]. Thus, the ALJ's conclusion that Dr. Liao made inconsistent statements is wholly inaccurate.

The ALJ's conclusion that Dr. Liao's treatment notes did not reflect disability is similarly erroneous. The ALJ points to no specific evidence in support of this statement. Where an ALJ wishes to reject an opinion concerning the limiting effects of a claimant's condition, the ALJ must do so "explicitly and with sufficient specificity to enable the court to determine whether there are legitimate reasons for the ALJ's disbelief and whether the ALJ's determination is

3

supported by substantial evidence." *Cooper v. Astrue*, 2:08-CV-18-FL, 2009 WL 928548 at *5 (E.D.N.C. Apr. 3, 2009) (citing *Hatcher v. Sec'y Dep't of HHS*, 898 F.2d 21, 23–25 (4th Cir. 1989)). The ALJ cannot simply state that "the evidence does not support the opinion." *Radford v. Colvin*, 734 F.3d 288, 295–96 (4th Cir. 2013). Instead, specific evidence needs to be cited so that the Court can engage in the substantial evidence analysis. *Id.*

The only specific reason the ALJ gave for rejecting Dr. Liao's medical opinion was that it was inconsistent with the non-examining physician's opinion that Mr. Liles could perform light work. [Tr. 17]. The non-examining physician, Dr. Coleman, was hired by the ALJ to testify at the hearing and relied on the already-existing record to develop his opinion. [Tr. 44–45]. Moreover, the record itself was created largely by Dr. Liao. As the Fourth Circuit noted in *Radford*, "reliance on the opinion of non-examining physicians, cannot, by itself constitute substantial evidence." 734 F.3d at 295 (citing *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)). Where the opinion of the treating physician, predominantly makes up the record, as here, the treating physician's opinion should take precedence over the non-examining physician's opinion. *See, e.g., Stephens v. Astrue*, 533 F. Supp. 2d 598, 600 (E.D.N.C. 2008).

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from

4

"meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, the appropriate action is to remand the case to the Commissioner. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). ("assessing the probative value of competing evidence is quintessentially the role of the fact finder."). Upon remand, the Commissioner is to consider how affording the opinion of Dr. Liao the controlling weight it is due affects his decision.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this ___ day of November, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE